Damon R. Miller (VSB #98308)
3998 Fair Ridge Dr., #250
Fairfax, VA 22031
(703) 591-9829
dmiller@benglasslaw.com



United States District Court
Eastern District of Virginia - Richmond Division

|  |  |
|---|---|
| United States of America ex rel. ) <br> GNGH2 Inc., ) <br>　　　　Plaintiff-Relator, ) <br>　) <br>　　- against - ) <br>　) <br> ALLIED CRAWFORD (PETERSBURG) INC.; ) <br> ALLIED CRAWFORD (ATLANTA) INC; ) <br> ALLIED CRAWFORD (JACKSON) INC.; ) <br> ALLIED CRAWFORD (CINCINNATI) INC.; ) <br> ALLIED CRAWFORD (HARRISBURG) INC.; ) <br> ALLIED CRAWFORD (CHARLESTON) INC.; &) <br> ALLIED CRAWFORD (NASHVILLE) INC., ) <br>　) <br>　　Defendants. ) <br>　) | **TO BE FILED UNDER** <br> **SEAL PURSUANT TO** <br> **31 U.S.C. 3730(b)(2)** <br><br> Case No. 3:24cv610 <br><br> **Complaint Under the** <br> **False Claims Act** |

Plaintiff-Relator, complaining of the Defendants by its attorney, Damian R.

Miller, respectfully sets forth and alleges as follows:

I.　　**Nature of the Case**

1.　　This is a false claims act claim.  The Qui Tam Plaintiff and Relator, GNGH2

Inc. ("Relator"), alleges that the Defendant fraudulently obtained CARES Act

disaster relief by means of fraudulent certifications of eligibility.  As set forth in

more detail below, second-round PPP funding is barred to entities which exceed applicable size standards.

## II. Parties

2. Defendant ALLIED CRAWFORD (PETERSBURG) INC. ("AC Petersburg") is a Virginia business corporation with a principal place of business in **Petersburg, Virginia.**

2a. Defendant ALLIED CRAWFORD (ATLANTA) INC. "AC Atlanta") is a Georgia business corporation with a principal place of business in **Cobb County, Georgia.**

2b. Defendant ALLIED CRAWFORD (JACKSON) INC. ("AC Jackson") is a Mississippi business corporation with a principal place of business in **Hinds County, Mississippi.**

2c. Defendant ALLIED CRAWFORD (CINCINNATI) INC. ("AC Cincinatti") is an Ohio business corporation with a principal place of business in **Warren County, Ohio.**

2d. Defendant ALLIED CRAWFORD (HARRISBURG) INC. ("AC Harrisburg") is a Pennsylvania business corporation with a principal place of business in **Dauphin County, Pennsylvania.**

2e.    Defendant ALLIED CRAWFORD (CHARLESTON) INC. ("AC Charleston") is a South Carolina business corporation with a principal place of business in **Charleston County, South Carolina**.

2f.    Defendant ALLIED CRAWFORD (NASHVILLE) INC. ("AC Nashville") is a Tennessee business corporation with a principal place of business in **Davidson County, Tennessee**.

3.    The Relator, GNGH2 Inc. ("Relator" or "Plaintiff") is a New Jersey corporation with a principal office in **Bergen County, New Jersey.**

## III.    Compliance with Requirements of Suit

4.    This matter will be filed under seal pursuant to 31 U.S.C. Section 3730(b) and at or about the same time, a copy of the Complaint, any Sealing Order, and Relator's disclosure of evidence will be served on the Department of Justice and the United States Attorney for the District in which this matter has been filed.

5.    Relator will not serve the Complaint or any other papers in this matter until and unless it becomes unsealed. Thus, if the Complaint is served on the Defendant, it means that the matter has been duly unsealed.

## IV.    Jurisdiction and Venue

6.    This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where any Defendant resides or transacts business. In this case, Defendant

AC Petersburg maintains its principal office at **2021 Bessemer Road, Petersburg Virginia 23805**.

## V.  Background

7.  Throughout most of 2020 and continuing into 2021, the United States was faced with a large scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19." (the "Coronavirus Epidemic").

8.  In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

9.  All of the above has resulted in major economic disruption and as a result Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, commonly known as the "CARES Act."

10.  The CARES Act contains a provision which permitted qualifying business which were affected by the foregoing disruption to obtain forgivable disaster loans.

11.  The CARES Act was subsequently amended to provide for a second round of disaster funding.  Significantly, an applicant is ineligible for such funding if it exceeds applicable size standards.

**[continued on next page]**

4

12.    The Defendants in this matter assemble and deliver steel products.  They received second draw PPP disaster relief as follows:

| Defendant | Date | Amount | Loan # | Forgiven |
|---|---|---|---|---|
| AC Petersburg | 3/12/21 | $399,835 | 9762638500 | 8/26/2021 |
| AC Atlanta | 3/12/21 | $422,215 | 1193958603 | 9/1/2021 |
| AC Jackson | 3/12/21 | $336,192 | 9709428508 | 9/29/2021 |
| AC Cincinnati | 3/12/21 | $413,150 | 9819618507 | 9/29/2021 |
| AC Harrisburg | 3/12/21 | $380,655 | 9895078502 | 8/26/2021 |
| AC Charlston | 3/12/21 | $353,702 | 1505358600 | 9/1/2021 |
| AC Nashville | 3/12/21 | $399,695 | 1003158610 | 8/26/2021 |

13.    Thus, on or about March 12, 2021, each of the Defendants completed Form 2483-SD which required that such Defendant conformed to applicable size standards.

14.    These certifications was false when made as set forth below.

15.    At all times relevant to this matter, the Defendants, when combined with each other and applicable affiliates, did not conform to applicable size standards.

16.    Moreover, the foregoing information is available on the websites and/or filings of the Defendants and/or their affiliates.

17.    Thus, Defendant's authorized representative must have been either aware of this information or reckless in regards to same.

5

18.    Thus, Defendants made a fraudulent representation when they completed form 2483-SD and certified eligibility in respect of the above matters.

19.    As a result of these statements, the Defendant received (and the United States paid) substantial funds to which it would not otherwise have been entitled.

## VI.    (Count I)  Violation of the False Claims Act

20.    The False Claims Act imposes liability on a person or entity who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim"  31 U.S.C. Section 3729(a)(1)(B)

21.    The Courts have held that this can include false statements regarding eligibility to participate in a program.  See *United States ex rel. Kirk v. Schindler Elevator Corp.*,  601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

22.    Thus, the Defendants' certifications of eligibility violated the False Claims Act because they were false and required for eligibility for disaster relief.

## VII.   Relief Sought

23.    On behalf of the government, Relator is seeking judgment for triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

24.    According, Relator seeks judgment in favor of the United States and against each Defendant as set forth below:

| Defendant | Principal & Interest | Processing Fees | Triple Damages |
|---|---|---|---|
| AC Petersburg | $401,620.56 | $11,995.05 | $1,240,846.83 |
| AC Atlanta | $424,169.91 | $12,666.45 | $1,310,509.08 |
| AC Jackson | $338,006.52 | $16,809.60 | $1,064,448.36 |
| AC Cincinnati | $415,379.88 | $12,394.50 | $1,283,323.14 |
| AC Harrisburg | $382,354.91 | $11,419.65 | $1,181,323.68 |
| AC Charlston | $355,339.69 | $10,611.06 | $1,097,852.25 |
| AC Nashville | $401,479.94 | $11,990.85 | $1,240,412.37 |

25.    Relator also seeks judgment for costs, attorney's fees, interest, penalties, an appropriate qui tam award, and such other relief as the Court deems just.

Respectfully submitted,

Damon Miller, Attorney at Law (VSB #98308)
 Attorney for Relator
GNGH2 Inc.

3998 Fair Ridge Dr., #250
Fairfax, VA 22031
(703) 591-9829
dmiller@benglasslaw.com

Dated:      Fairfax, Virginia
             August 26, 2024

7